UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILANA STROUTSOVSKY,

                      Plaintiff,

           -against-

ROMAN BRIK,

                      Defendant.

23-CV-7503 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Defendant Roman Brik, who proceeds *pro se*, filed a notice of removal, under 28 U.S.C. § 1441(a), to remove to this court a Richmond County Family Court action.[1] Because removal to this district is improper, the Court remands this action to the Richmond County Family Court.

## STANDARD OF REVIEW

    A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal. *See* 28 U.S.C.

---

[1] Defendant has not paid the filing fees to remove this action, or submitted an application to proceed *in forma pauperis*.

§ 1447(c). A district court may also remand an action to state court at any time for a lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper. Under 28 U.S.C. § 1441(a), a civil action may be removed to the federal district court embracing the place where the state action is pending. Defendant has removed this action from Richmond County Family Court. Richmond County, however, is in the Eastern District of New York. 28 U.S.C. § 112(c). The removal statute does not provide for removal of an action from a court outside of the district, and Defendant therefore cannot remove this Richmond County Family Court matter to the Southern District of New York.

Defendant notes that he has a pending action before District Judge Lewis J. Liman, *Brik v. Brodie*, No. 23-CV-4330 (LJL) (E.D.N.Y.), who ordinarily sits in this district. In that matter, Defendant challenges the manner in which *pro se* cases are assigned in the Eastern District, under its Rules for the Division of Business Among District Judges, and a district judge from outside of that district was therefore designated to preside over the case. The pending action before Judge Liman does not, however, provide any basis for removal of a state court action from Richmond County to this district. Under Section 1441(a), removal is available only to the district court for the district where the state court action is pending. This action must therefore be remanded to Richmond County Family Court.

## CONCLUSION

Removal of this action is improper, and it is remanded under 28 U.S.C. § 1447(c) to the Richmond County Family Court. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 5, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge